**ALLSTATE INSURANCE COMPANY, an Illinois corporation, Plaintiff–Appellee,**

v.

**Timothy GRIFFIN, Defendant,**

and

**Melissa Moreland, an individual, Defendant–Appellant.**

No. 06–17323.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 13, 2008.

Filed Sept. 4, 2008.

Brandon M. Fish, Esquire, Paul J. O'Rourke, Jr., Esquire, McCormick, Barstow, Sheppard, Wayte & Carruth LLP, Fresno, CA, for Plaintiff–Appellee.

Allen H. Fleishman, Esquire, Fleishman & Weisman, P.C., San Jose, CA, for Defendant–Appellant.

Before: SILER,* McKEOWN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Melissa Moreland appeals the district court's order partially denying her first motion for summary judgment.[1] More-

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Moreland properly filed a notice of appeal following the district court's entry of a final judgment. However, Moreland expressly did not challenge on appeal the district court's order on the parties' second set of cross-motions for summary judgment, and we have not considered that order.

land's sole argument on appeal is that Timothy Griffin's attack was not an intentional act under California law because Griffin was found to be legally insane pursuant to California Penal Code § 25, and thus the attack qualified as an occurrence not subject to exclusion under the relevant insurance policy. We acknowledge the unfortunate nature of Griffin's attack on Moreland; however, Moreland has not persuaded us that California law compels the conclusion that a finding of legal insanity pursuant to Penal Code § 25, without more, negates an individual's ability to act intentionally. Accordingly, we affirm the district court's decision.

**AFFIRMED.**